Smith v. Bingman.

Compensation need not be tendered before filing the bill: Bryant v. Brant, 42 Ill. 75.

Unless exceptions are taken to the master's report, they cannot be urged on appeal: Rygard v. McNeal, 38 Ill. 401.

Reversed and remanded.

ISAAC SMITH

v.

RACHAEL BINGMAN.

VERDICT AGAINST EVIDENCE.—The court being of opinion, from an examination of the record, that the verdict was not warranted by the evidence, reverse the judgment.

APPEAL from the County Court of Cass county; the Hon. J. W. SAVAGE, Judge, presiding.

Messrs. WHITNEY & TINNEY, for appellant.

Mr. OSCAR A. DeLeuw, for appellee; that a verdict should not be set aside except where the preponderance is clearly against it, cited Pafineau v. Belgarde, 81 Ill. 61.

PER CURIAM. This was a suit brought in the County Court of Cass county, by appellees against appellant, in assumpsit.

The only count in the declaration is for money had and received, to which appellant pleaded *non assumpsit* and Statute of Limitations. Plaintiff below filed with her declaration the following account:

"Isaac Smith to Rachael Bingman, Dr. To amount collected by you on the interest of plaintiff in lands conveyed by you to Walker, in Sangamon county, $800.00."

The trial resulted in a verdict and judgment against appellant for $600, and he brings the case here, and assigns for error that the evidence does not sustain the judgment.

We have examined the evidence in the record carefully, and do not find any proof that appellant ever sold any land in which appellee had any interest to Walker, or that he ever received any money from Walker belonging to her. The record discloses some admission of indebtedness by appellant to appellee; but without further explanation they are not sufficient to warrant the verdict and judgment. We purposely refrain from discussing the evidence in detail, as the case must again be submitted to a jury, but upon the whole evidence we think the error well assigned.

We cannot refrain from expressing our disapproval of the criticisms upon the county judge who tried the case, injected into the brief of appellant. The judge is not before this court, and has no opportunity to defend himself against unjust reflections upon him. Under such circumstances it is ungenerous and highly improper for counsel to indulge in reflections uncalled for, and not warranted by anything in the record.

We also disapprove of the insinuations in the brief of appellee against the professional conduct of the attorney of appellant. Briefs should be respectful to the court, the parties, and all persons named in them; and this court will, as far as it has power, see that this rule is enforced.

Judgment reversed and cause remanded.

Reversed and remanded.